**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos.  17-50279 |
| Plaintiff-Appellee, | 17-50280 |
| v. | D.C. Nos. 3:17-cr-00921-LAB |
| | 3:17-cr-07078-LAB |
| HUGO ISLAS-HERNANDEZ, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

In these consolidated appeals, Hugo Islas-Hernandez appeals his jury-trial

conviction for unlawful entry by an alien in violation of 8 U.S.C. § 1325, the one-

year term of supervised release imposed following his conviction, the revocation of

his supervised release, and the ten-month term of supervised release imposed

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

following the revocation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As Islas-Hernandez acknowledges, his challenge to his conviction and supervised release revocation based on the contention that there was insufficient evidence that he entered the United States at a "place other than as designated by immigration officers," 8 U.S.C. § 1325(a)(1), is foreclosed by this court's decision in *United States v. Aldana*, 878 F.3d 877 (9th Cir. 2017).

Islas-Hernandez also contends that the district court plainly erred by imposing supervised release terms because U.S.S.G. § 5D1.1 recommends supervision only when it is an additional deterrent beyond the threat of a new prosecution. We disagree. The record reflects that the court understood the Guideline and acted consistently with it when, after noting Islas-Hernandez's immigration history, it imposed supervised release terms as an additional deterrent. *See* U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

**AFFIRMED.**